## COLLIER v. DISTRICT OF COLUMBIA.

### No. 9465.

United States Court of Appeals
District of Columbia.

Submitted April 9, 1947.

Decided May 5, 1947.

Mr. Joseph D. Malloy, of Washington, D. C., submitted on the brief for petitioner.

---

Mr. Harry L. Walker, Asst. Corp. Counsel, of Washington, D. C., with whom Mr. Vernon E. West, Corp. Counsel, and Mr. Chester H. Gray, Principal Asst. Corp. Counsel, both of Washington, D. C., were on the brief, submitted on the brief for respondent.

Before GRONER, Chief Justice, and EDGERTON and PRETTYMAN, Associate Justices.

PRETTYMAN, Associate Justice.

This case concerns domicile for purposes of the District of Columbia income tax. Petitioner is a Civil Service employee in the Bureau of Ships, Navy Department, Washington, D. C. He came to the District in 1938 from Portsmouth, New Hampshire, where his parents live and where he had lived up to that time. He is unmarried and lives in a rented apartment. He owns no real estate or other property, except two small savings accounts. He has paid his poll taxes in New Hampshire each year since he came of age and has voted in New Hampshire at each national election. His name appears on the list of voters in Portsmouth. He has filed all his federal income tax returns with the Collector at Portsmouth. He has returned to Portsmouth on his vacation for about three weeks each year. His only club memberships in the District are the Camera Club and the Draftsmen's Union. He belongs to no church here. His residence here is due to his Government position.

In respect to intention, the petitioner testified before the Board of Tax Appeals that he intends to remain here so long as he is in Government service, unless he is transferred elsewhere by the Government; that he intends to return to New Hampshire when his connections with the Government are severed; that the period of his Government service is not definite, being within the discretion of the Government; and that at the present time he has no definite intention of returning to New Hampshire at any particular time. There was no other evidence respecting intention.

In District of Columbia v. Murphy,[1] the respondent was a Civil Service employee, unmarried, whose intention to remain in the District was indefinite but who intended to return to Detroit when he was separated from the Government service. The respondent DeHart, whose case was also considered in the Murphy opinion, was a Civil Service employee but married and owning a home in the District and a summer home in nearby Maryland. He belonged to various District organizations, filed his federal returns in Baltimore, and paid District of Columbia intangible property taxes. At the same time he regularly visited his parents in Pennsylvania, was a registered voter there, and paid his poll taxes. The Supreme Court did not reach conclusions in respect to these two respondents but announced some general rules and remanded the cases for further proceedings in conformity with the opinion. In the course of the opinion, the Court said:

"From these various data on Congressional intent, it is apparent that the present cases are not governed by the tests usually employed in cases where the element of Federal service in the Federal City is not present. We hold that a man does not acquire a domicile in the District simply by coming here to live for an indefinite period of time while in the Government service. A contrary decision would disregard the statements made on the floor of Congress as to the meaning of the statute, fail to give proper weight to the trend of judicial decisions, with which Congress should be taken to have been cognizant, and result in a wholesale finding of domicile on the part of Government servants quite obviously at variance with Congressional policy. Further, Congress did not intend that one living here indefinitely while in the Government service be held domiciled here simply because he does not maintain a domestic establishment at the place he hails from. Such a rule would result in taxing those unable to maintain two establishments, and exempting those able to meet such a burden —thus reversing the usual philosophy of income tax as one based on ability to pay.

"On the other hand, we hold that persons are domiciled here who live here and have no fixed and definite intent to return and

[1] 1941, 314 U.S. 441, 62 S.Ct. 303, 309, 86 L.Ed. 329.

make their homes where they were formerly domiciled. A decision that the statute lays a tax only on those with an affirmative intent to remain here the rest of their days would be at odds with the prevailing concept of domicile, and would give the statute scope far narrower than Congress must have intended.

"Cases falling clearly within such broad rules aside, the question of domicile is a difficult one of fact to be settled only by a realistic and conscientious review of the many relevant (and frequently conflicting) indicia of where a man's home is and according to the established modes of proof."

Explaining the correlation of the first and second paragraphs above quoted, the Court said in a footnote to the second paragraph: "This is not inconsistent with our holding that domicile here does not follow from mere indefiniteness of the period of one's stay. While the intention to return must be fixed, the date need not be; while the intention to return must be unconditional, the time may be, and in most cases of necessity is, contingent. The intention must not waver before the uncertainties of time, but one may not be visited with unwelcome domicile for lacking the gift of prophecy."

The remainder of the opinion of the Court, which followed the foregoing quotations, pointed to various relevant indicia of domicile. But as we read the quotations, these indicia are not to be used in cases falling clearly within the two broad rules first stated. The opinion specifically says so in the opening clause of the third paragraph above quoted.

We think that the present case falls clearly within the first broad rule stated in the Murphy case, supra. This petitioner came to Washington to live for an indefinite period of time while in the Government service. He came here for no other reason. His testimony is that he will remain here only while in the Government service, and there is no contradictory evidence. No circumstance of his residence here indicated permanency contrary to the other circumstances and his unequivocal testimony. So far as the evidence shows, he had a fixed intention to return to New Hampshire, only the date being indefinite.

The Board of Tax Appeals thought that the case was covered by the second paragraph above quoted. We think that conclusion was error, and that the error is demonstrated by the footnote which we have quoted from the Supreme Court's opinion.

The District of Columbia cites Rogers v. Rogers.[2] But in that case the matter of Government employ was not involved and there was ample evidence of an intention to remain in the District.

Reversed.