## ARBAUGH v. DISTRICT OF COLUMBIA.
### No. 9913.

United States Court of Appeals
District of Columbia Circuit.

Argued April 19, 1949.

Decided May 23, 1949.

Mr. Arthur J. Hilland, Washington, D. C., for petitioner.

Mr. George C. Updegraff, Assistant Corporation Counsel, D. C., Washington, D. C., with whom Mr. Vernon E. West, Cor-

poration Counsel, D. C., and Mr. Chester H. Gray, Principal Assistant Corporation Counsel, D. C., Washington, D. C., were on the brief, for respondent.

Before EDGERTON, WILBUR K. MILLER and PRETTYMAN, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals for the District of Columbia. The question is whether the petitioner was or was not domiciled in the District of Columbia for income tax purposes on the last days of the taxable years 1945 and 1946.[1]

Petitioner came to the District of Columbia from Indiana in 1936 to take a position in the Federal Government employ. She has been so employed ever since. The Board of Tax Appeals found:

"At the time she left Indiana and came to the District of Columbia she did not have any intention to abandon her domicile or legal residence in Indiana, and since that time she has not had such intention or the intention to acquire a domicile or legal residence in the District of Columbia."
The Board also found:

"Petitioner has not at all times since coming to the District of Columbia in 1936 intended to return to Indiana and resume her former home there * * *."
These findings were premised quite carefully and precisely upon the testimony. Seemingly contradictory upon first impression, the findings are in fact descriptive of the state of mind of petitioner, and probably also of vast numbers of other people. She simply had no definite and fixed intention either to go back to Indiana or to stay in the District of Columbia. She testified: "I have no expectations to go anywhere. I have no expectations, further, to stay here. I have no expectations of any kind." And again she said: "I have not had any intention of going anywhere, any more than I have had any intention of staying in the District."

We agree with the Board that the answer to the problem is to be found in District of Columbia v. Murphy.[2] The Court there said, 314 U.S. at page 454, 62 S.Ct. 303, at page 309, 86 L.Ed. 329:

" * * * we hold that persons are domiciled here who live here and have no fixed and definite intent to return and make their homes where they were formerly domiciled."
The Court made perfectly clear its meaning by repeating the rule in the following language, 314 U.S. at page 456, 62 S.Ct. at page 310:

"In order to retain his former domicile, one who comes to the District to enter Government service must always have a fixed and definite intent to return and take up his home there when separated from the service."
The principle thus laid down by the Supreme Court may or may not be in conflict with the general idea that one does not lose a domicile until he has a fixed intent to establish another one.[3] However that may be, it seems perfectly clear that the Court held that for District of Columbia income tax purposes a person in Government employ here does not retain his former domicile unless he has a fixed and definite intent to return to it. The effect of this rule is that a person without any intent one way or the other is domiciled here if he lives here. This petitioner testified: "My home is where I am."

The decision of the Board of Tax Appeals is, therefore,

Affirmed.

WILBUR K. MILLER, Circuit Judge, (dissenting).

I regret that I cannot concur in the court's opinion. It is my view that, having made, as it did, the following finding of fact which is amply supported by evidence:

"8. At the time she left Indiana and came to the District of Columbia she did not have any intention to abandon her domicile or legal residence in Indiana, and

---

[1] 53 Stat. 1087 (1939), as amended, D. C.Code § 47—1502 (1940).

[2] 1941, 314 U.S. 441, 62 S.Ct. 303, 86 L.Ed. 329.

[3] 28 C.J.S., Domicile, § 13a.

since that time she has not had such intention

or the intention to acquire a domicile or legal residence in the District of Columbia",

the Board of Tax Appeals could not conclude as a matter of law, as it did, that the appellant had acquired a domicile in the District of Columbia.

It is well understood that no person can have more than one domicile; that a domicile once acquired is retained until another has been established. If it be true, as found by the Board, that the appellant has never intended to abandon her domicile in Indiana and has never intended to acquire one in the District of Columbia, it is simply impossible to say she is domiciled in the District.

The Supreme Court said in the Murphy case, 314 U.S. at page 454, 62 S.Ct. at page 309:

" * * * We hold that a man does not acquire a domicile in the District simply by coming here to live for an indefinite period of time while in the Government service."

Under that holding Miss Arbaugh has not acquired a domicile here by living here for an indefinite period of time while in the government service. It is true, as the court's opinion points out, the Supreme Court also said in the Murphy opinion, 314 U.S. at page 454, 62 S.Ct. at page 309:

" * * * we hold that persons are domiciled here who live here and have no fixed and definite intent to return and make their homes where they were formerly domiciled."

But that statement does not fit the appellant here because the Board found as a fact that she has never intended to abandon her Indiana domicile nor to establish one here; that being true, she has a fixed and definite intent to return to Indiana to make her home, and the Board so found. The date of that return, said the Murphy opinion, need not be fixed but may be, and in most cases of necessity is, contingent.

The court quotes the following statements from the appellant's evidence:

"I have no expectations to go anywhere. I have no expectations, further, to stay here. I have no expectations of any kind.

\* \* \* \* \* \*

"I have not had any intention of going anywhere, any more than I have had any intention of staying in the District."

Those statements do not have for me the significance which the court finds in them. Viewed in the light of all her evidence, I think she simply meant that she did not then intend to make an immediate move, although she did not intend to remain permanently in the District. I think the meaning of her statements quoted above is that she had no presently formulated plan of going anywhere, but it was not her purpose to stay here always despite the fact that she did not know when she would resume physical residence at her Indiana domicile. But as to her long range intention, she testified affirmatively, and the Board found it to be a fact, that she did not intend to relinquish her domicile in Indiana nor to acquire one here. She "may not be visited with unwelcome domicile for lacking the gift of prophecy", as the Supreme Court said in the Murphy opinion.

I find nothing in District of Columbia v. Murphy which impairs the validity and authoritative character of the following quotations from Sweeney v. District of Columbia, 1940, 72 App.D.C. 30, 33, 34, 113 F.2d 25, 28, 29, 129 A.L.R. 1370:

"Traditional formula requires conjunction of physical presence and animus manendi in the new location to bring about a domiciliary change.

\* \* \* \* \* \*

"Boiled down to its essence, the question here is whether a citizen and resident of a state must surrender his state allegiance for all the purposes in which domicile may be controlling when he accepts Federal employment in the District of indefinite or relatively permanent duration. The question is not whether he may do so if he wishes. To hold that he must would create startling consequences, including unjust and untenable, not to say intolerable, discriminations."

The court's opinion here remarks that "* * * it seems perfectly clear that the [Supreme] Court held [in the Murphy case] that for District of Columbia income tax purposes a person in Government employ here does not retain his former domicile unless he has a fixed and definite inten to return to it." I agree, but I do not think the holding applicable here under the Board's finding of fact. If Miss Arbaugh has never intended and does not now intend to give up her Indiana domicile, and has never intended and does not now intend to establish domicile in the District, it is inevitably true that she has a fixed and definite intention to return to her domicile in Indiana, no matter how uncertain she may be as to when she will return. Convincing evidence that she regards Indiana as her domicile is that she has voluntarily paid taxes in that jurisdiction which are exacted only of those who are domiciled there.

In my view, the court's decision improperly visits the appellant with unwelcome domicile.