## BUTLER et al. v. DISTRICT OF COLUMBIA.

No. 10243.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 7, 1950.

Decided Feb. 20, 1950.

---

2. 31 Stat. 1351 (1901), D.C.Code § 45—812 (1940).

3. 1942, 77 U.S.App.D.C. 79, 132 F.2d 601.

4. 1948, 84 U.S.App.D.C. 88, 175 F.2d 821.

Mr. Henry F. Butler, Washington, D. C., for petitioners.

Mr. George C. Updegraff, Assistant Corporation Counsel, D. C., Washington, D. C., with whom Mr. Vernon E. West, Corporation Counsel, D. C., and Mr. Chester H. Gray, Principal Assistant Corporation Counsel, D. C., Washington, D. C., were on the brief, for respondent.

Before WILBUR K. MILLER, PRETTYMAN and WASHINGTON, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals for the District of Columbia. The question concerns the domicile of the petitioners for purposes of the District of Columbia income tax for the years 1942 to 1945, inclusive. The same question was here, in so far as the years 1939 and 1940 were concerned, in Butler v. District of Columbia.[1] We there held that as of December 31st of each of those years the petitioners were domiciled in Massachusetts. It is conceded that the petitioners were not domiciled in Massachusetts during the tax years now involved. They claim that their domicile during those years was in Maine.

The petitioners are husband and wife. Upon their marriage in 1921 they set up a home in Maine and lived there until 1927, when they moved to Cambridge, Massachusetts. In 1934 they moved to Washington. Since then the husband has continuously practiced law in the District of Columbia, and both petitioners have resided in the District. They have kept their house in Maine and have returned there several times each year. They are registered voters in Maine.

In the course of the hearing before the Board of Tax Appeals in the present case, the petitioner husband testified as follows:

"I sincerely hope that I will never have to give up my practice wherever it may be. I had matters in the District of Columbia while I was practicing in Boston. I would expect to continue to have matters in the District of Columbia no matter where I am practicing in the United States. It is a Federal practice with which I am familiar. If the seat of government moved to some other place, I move with it, for the practice.

"Now, I have matters that I have attended to in Maine. I have gone to Maine for the express purpose of attending to law matters in Maine, and it is impossible to say that I expect, or to state when I expect to what you call 'pull up stakes' from Washington and live permanently in Maine.

"The question is not susceptible to answer. I expect to spend considerably more time in Maine and less in Washington than during the war years, commencing now, or having already—well, commencing and building up. But I can not say that I ever expect to pull up stakes from any place and settle permanently in another.

"I will say that I maintain my home in Maine, and I go there whenever I can. I return there whenever I get a chance for business or pleasure, and I will do it more and more."

In Arbaugh v. District of Columbia,[2] we held that under the doctrine of District of Columbia v. Murphy[3] a person who lives in the District and has no fixed and definite intent to return to a former domicile is domiciled in the District of Columbia for local income tax purposes. We said:

"The principle thus laid down by the Supreme Court may or may not be in conflict with the general idea that one does not lose a domicile until he has a fixed intent to establish another one. However that may be, it seems perfectly clear that

1. 1946, 80 U.S.App.D.C. 310, 153 F.2d 617.

2. 1949, 85 U.S.App.D.C. 97, 176 F.2d 28, 29.

3. 1941, 314 U.S. 441, 62 S.Ct. 303, 86 L.Ed. 329.

the Court held that for District of Columbia income tax purposes a person in Government employ here does not retain his former domicile unless he has a fixed and definite intent to return to it. The effect of this rule is that a person without any intent one way or the other is domiciled here if he lives here." 

The sum of the testimony of the petitioner husband here was that he maintained a house, to which he can go, in Maine; that he expects to return there whenever he gets a chance for business or pleasure; but that he finds it "impossible to say" whether or when he will permanently return to live in Maine, thus revealing a lack of the fixed and definite intent of which we spoke in the Arbaugh case. The case before us does not fall within the rule, applied in Beedy v. District of Columbia [4] and many similar cases,[5] that a person living in the District of Columbia while on personal business or in Government employ for an indefinite period retains his former domicile so long as he has an abiding, fixed and definite intention to return and take up his home there. Rather, the present case falls within the doctrine of the Arbaugh case. Upon the authority of that case, the decision of the Board of Tax Appeals in the case at bar must be

Affirmed.

4. 1942, 75 U.S.App.D.C. 289, 126 F.2d 647.

5. E. g., Collier v. District of Columbia, 1947, 82 U.S.App.D.C. 145, 161 F.2d 649; Beckham v. District of Columbia, 1947, 82 U.S.App.D.C. 296, 163 F.2d 701.